UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ANDREW WITZKE,

        Petitioner,

                                          CASE NO. 07-CV-15315
v.                                       HONORABLE GEORGE CARAM STEEH

THOMAS K. BELL,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Scott Andrew Witzke, a Michigan prisoner, is challenging an uttering and publishing conviction which was imposed following a guilty plea in the Wayne County Circuit Court in 2007. Petitioner was sentenced as a fourth habitual offender to 18 months to 20 years imprisonment. Petitioner states that he has a motion for relief from judgment pending in the Wayne County Circuit Court concerning his conviction. For the reasons stated herein, the Court dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Analysis**

       A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state

1

prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he has a motion for relief from judgment pending in the Wayne County Circuit Court concerning the subject matter of this petition. Petitioner must complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated: December 20, 2007

> S/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 20, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk